**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Chief Judge Marcia S. Krieger**

**Civil Action No. 13-cv-01747-MSK-KLM**

**DESIGNSENSE, INC.,**

　　Plaintiff,

v.

**MRIGLOBAL; and
ALLIANCE FOR SUSTAINABLE ENERGY,LLC,**

　　Defendants.

---

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART
MOTION TO DISMISS**

---

**THIS MATTER** comes before the Court pursuant to Defendants' Motion to Dismiss (**# 18**), Plaintiff's response (**# 21**), and Defendant's Reply (**# 22**). Having considered the same, the Court

**FINDS** and **CONCLUDES** that:

### I.　JURISDICTION

This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367.

### II.　ISSUES PRESENTED

In the Amended Complaint (**# 5**), DesignSense asserts[1] a claim for false designation of origin under the Lanham Act, 15 U.S.C. § 1125, based on Defendants' claim of authorship over

---

[1] DesignSense originally filed the present case in Missouri state court. The case was removed to the United States District Court for the Western District of Missouri and then transferred to this court because of a forum selection clause in the contract between DesignSense and the Defendants.

specifications created by DesignSense. DesignSense also asserts state law claims for (1) tortious interference with current and prospective business advantages; (2) fraud; (3) conversion; (4) negligent misrepresentation; (5) negligence; (6) common law false designation of origin; and (7) common law unfair competition.

In the Motion to Dismiss, Defendants argue that: (1) res judicata bars the Lanham Act claim as well as the claims for fraud, conversion, negligent misrepresentation, negligence, common law false designation of origin, and common law unfair competition; and (2) all the claims should be dismissed for failure to state a claim.

### III.   FACTS

The Defendants manage and operate the U.S. Department of Energy's National Renewable Energy Lab ("NREL"). In 2007, DesignSense and the Defendants entered into a contract calling for DesignSense to prepare and deliver to the Defendants "detailed specifications for an RFP" – essentially, a document that would, in turn, be used by the Defendants to direct the construction of a new building at NREL, to be known as the Research Support Facility ("RSF"). DesignSense created the specifications using a proprietary process it calls "the 3PQ Format." DesignSense completed its work and delivered the RFP specifications in 2008.

DesignSense contends that the Defendants thereafter made various public statements in which they claimed that "we" – meaning the Defendants -- wrote the specification documents, essentially claiming credit for DesignSense's work. The Complaint alleges that the Defendants took credit for creating the specification documents: (i) in a November 2010 speech by a representative of the Defendants named Ron Judikoff,[2] (ii) in a Summer 2010 NREL newsletter, (iii) in several papers presented to conferences in 2009 and 2010, and (iv) in an undated NREL

---

[2]   DesignSense alleges that it did not become aware of this speech until early 2012.

publication, among others. DesignSense contends that the Defendants market themselves as being able to "develop performance criteria, building characteristics, and assess the energy and economic impacts of various technologies," which are the same services that DesignSense offers. Thus, DesignSense alleges, the Defendants are advertising their ability to perform work that DesignSense does, to potential DesignSense clients, and representing that the Defendants, rather than DesignSense, authored the specification documents for the successful construction of the RSF.

In 2011, DesignSense commenced an action entitled *David M. Shelton and DesignSense, Inc. v. MRIGlobal and Alliance for Sustainable Energy, LLC*, D.C. Colo. Civ. Case No. 11-cv-2891-PAB-MJW ("NREL I"). The original Complaint in that action also alleged that the Defendants' publication of the RFP specifications document on NREL's website, without any attribution to DesignSense, constituted a violation of the Lanham Act. *See Docket* # 1, ¶ 39 ("The failure of MRI to properly attribute the 3PQ process to Shelton is a misrepresentation to the marking place [of] the development, ownership, and intellectual property behind the 3PQ process"). The plaintiffs subsequently amended their Complaint to add allegations that "DesignSense has identified several [additional] instances where Defendants have claimed that the 3PQ RFP was [the Defendants'] work product . . .," although the plaintiffs did not specifically identify those instances. *Docket* # 25, ¶ 36. On September 28, 2012, Judge Brimmer granted the defendants' motion to dismiss that action, finding (as relevant here) that the plaintiffs' contention that the defendants "used a 'derivative work' of their copyrighted material without proper attribution" failed to allege a colorable claim for false designation of origin under the Lanham Act. *Docket* # 63. (Judge Brimmer also dismissed the plaintiffs' copyright

infringement claim for failure to state a claim and declined to exercise supplemental jurisdiction over the plaintiffs' remaining state law claims.)

## ANALYSIS

### A. Lanham Act Claim

The Amended Complaint asserts that Defendants' claim of authorship of the specification document in the RFP constituted a "false designation of origin" in violation of the Lanham Act, 15 U.S.C. § 1125. Defendants contend that this argument is precluded by *res judicata* because the Court dismissed DesignSense's Lanham Act claim in NREL I.

#### 1. Legal Standard

The doctrine of res judicata, or claim preclusion, precludes the parties . . . from relitigating issues that were finally determined or *could have been raised* in the prior action. *Wilkes v. Wyoming Dep't of Emp't,* 314 F.3d 501, 504–05 (10th Cir. 2002) (citing *Satsky v. Paramount Commc'ns, Inc.,* 7 F.3d 1464 (10th Cir. 1993)) (emphasis in original). The burden of establishing claim preclusion is on the party asserting application of the doctrine – here, the burden is on the Defendants. Claim preclusion requires: (1) a final judgment on the merits in an earlier action; (2) the same parties (or parties in privity) in both suits; and (3) the same cause of action in both suits. *Yapp v. Excel Corp.,* 186 F.3d 1222, 1226 (10th Cir. 1999). To determine whether the same cause of action is involved in both suits, the Court must determine whether the claims arise out of the same transaction or series of connected transactions. *Id.* at 1227. "[A] new action will be permitted only where it raises *new and independent claims,* not part of the previous transaction, based on the new facts." *Hatch v. Boulder Town Council,* 471 F.3d 1142, 1150 (10th Cir. 2006) (emphasis in original).

4

**2. Analysis**

There is no dispute that the present case and NREL I involve the same parties. However, DesignSense disputes that the remaining two requirements of claim preclusion - the existence of a final judgment and the same cause of action in both suits – are satisfied.

DesignSense argues that that NREL I did not result in a final judgment on the merits. The Court in NREL I entered a final Judgment in favor of the defendants. *See Docket # 64*. However, DesignSense argues that, although the Court dismissed the Lanham Act and copyright claims, the dismissal was not final for *res judicata* purposes because the Court did not exercise supplemental jurisdiction over the state law claims and thus there was no Judgment "on the merits" of each and every claim. *Citing Gass v. U.S.*, 4 Fed.Appx. 565, 567 (10th Cir. 2011). *Gass* does not stand for the proposition that a court's refusal to exercise supplemental jurisdiction over state-law claims keeps the judgment entered on a federal claim from being "final" for *res judicata* purposes. Rather, it merely repeats the familiar proposition that *res judicata* "bars not only claims raised below, but also claims that could have been raised in the earlier suit, but were not ." *Id.*

Perhaps the decision of the Court in NREL I to reach the merits of the state law claims would preserve those claims, since the requirement of a "final judgment on the merits" is not satisfied by a judgment based "upon purely technical grounds" such as lack of jurisdiction. *See Brady v. UBS Financial Services, Inc.*, 538 F.3d 1319, 1327 (10th Cir. 2008) (interpreting Oklahoma law); *Cory v. Fahlstrom*, 143 Fed.Appx. 84, 86-87 (10th Cir. 2005) (unpublished) (invocation of *res judicata* inappropriate where prior action was dismissed for lack of jurisdiction). However, the issue presented here is whether the NREL I court's disposition of DesignSense's Lanham Act claim was final and on the merits so as to preclude relitigation of

that claim.  By definition, *res judicata* is determined on a claim-by-claim basis.  Thus, where a court as entered a final judgment resolving a particular claim on its merits, that claim (and any other federal claim that could have been asserted on the same facts) is barred, even if the judgment also contained non-merits dispositions of other claims.

The NREL I court's ruling on DesignSense's Lanham Act claim determined that DesignSense had failed to state a cognizable Lanham Act claim.  A dismissal for failure to state a claim is a "judgment on the merits" of that claim for *res judicata* purposes.  *Federated Dept. Stores, Inc. v. Moitie*, 452 U.S. 394, 399 n. 3 (1981).  Accordingly, the Court finds that NREL I resulted in a final judgment on the merits for purposes of DesignSense's Lanham Act claim.

DesignSense also argues that that the Lanham Act claim it asserts here is different from the Lanham Act claim it asserted in NREL I.  Specifically, DesignSense argues that its Lanham Act claim in the present case is based on Mr. Judkoff's speech claiming that the Defendants wrote the RFP specification document, and other instances in which the Defendants took credit for the contents of the document.  It argues that those instances were unknown to it at the time it litigated NREL I.

In both cases, DesignSense's Lanham Act claims were premised on the false designation of origin provisions of 15 U.S.C. § 1125(a), and were primarily based on the assertion that the Defendants failed to give proper attribution of the RFP specification to DesignSense. The effect of such conduct was that the Defendants obtained some reputational benefit that belonged to DesignSense.  Although the Lanham Act claim in NREL I originally focused on Defendants' removal of DesignSense's copyright notice when posting the RFP specifications on the NREL website, the Second Amended Complaint in that action added a new assertion that there were "several [additional] instances where Defendants have claimed that the 3PQ RFP was MRI's and

the Alliance's work product, that they had prepared the 3PQ RFP, and were responsible for its contents." This is precisely the basis for DesignSense's current Lanham Act claim: that Mr. Judkoff and authors of various papers and articles were claiming that the RFP document was the Defendants' work product. The current Lanham Act claim is based on newly-identified instances in which the Defendants made such claims, but the Lanham Act claim itself – that is, the legal theory underlying DesignSense's current Lanham Act claim -- is identical to the allegation in the Second Amended Complaint in NREL I that the Defendants were violating the Lanham Act by taking credit for the RFP document. The Court in NREL I clearly had that allegation before it and found it insufficient to state a cognizable Lanham Act claim for false designation of origin.[3] Accordingly, DesignSense is precluded from asserting its Lanham Act claim in this action because it is barred by *res judicata*.

**B. Remaining Claims**

Defendants argue that DesignSense's remaining state law claims are also barred by *res judicata* or should be dismissed for failure to state a claim. However, because only DesignSense's federal claim is dismissed, this Court, like the Court in the previous matter, declines to exercise supplemental jurisdiction over the remaining state law claims. *See* 28 U.S.C. § 1367(c)(3); *see also Bauchman v. West High School*, 132 F.3d 542, 549 (10th Cir. 1997) ("If federal claims are dismissed before trial, leaving only issues of state law, 'the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice.'") (quoting

---

[3] The doctrine of *res judicata* is not affected by the possibility that the prior judgment may have been wrongly-decided. *Federated Dept. Stores*, 452 U.S. at 398. Appeal of the incorrect judgment by the losing party, not relitigation of the same claim in a new action, is the remedy available to correct an erroneous judgment.
   This is not to say that this Court finds Judge Brimmer's prior determination of the Lanham Act claim to be incorrect, however. This Court offers no opinion as to that issue.

7

*Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 350 (1988)). To the extent that they are viable they may be pursued in state court.

        **IT IS THEREFORE ORDERED** that:

(1) Defendant's Motion to Dismiss **(# 18)** is **GRANTED**. DesignSense's Lanham Act claim is barred by the doctrine of *res judicata* and is therefore **DISMISSED**. DesignSense's state law claims are dismissed without prejudice for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1367(c)(3). The Clerk of the Court is directed to close this case.

Dated this 27th day of March, 2014.

                                        **BY THE COURT:**

                                        Marcia S. Krieger
                                        Chief United States District Judge